```
                          United States Bankruptcy Court
                           Middle District of Tennessee
In re:                                                      Case No. 18-03877-RSM
Edmound Dai'Re, Jr.                                         Chapter 7
Deborah Anne Dai'Re
         Debtors
```

# CERTIFICATE OF NOTICE

District/off: 0650-3      User: ko8454          Page 1 of 1           Date Rcvd: Aug 27, 2018
                          Form ID: pdf001       Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 29, 2018.
db/jdb         +Edmound Dai'Re, Jr.,    Deborah Anne Dai'Re,    3730 Bret Dr,    Clarksville, TN 37040-5745

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 29, 2018                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 27, 2018 at the address(es) listed below:
```
              ERICA R. JOHNSON    on behalf of Trustee ERICA R. JOHNSON erjtrustee@erjlaw.com, TN49@ecfcbis.com
              ERICA R. JOHNSON    on behalf of Attorney   Erica R. Johnson, Attorney at Law, PLLC
               erjtrustee@erjlaw.com,    TN49@ecfcbis.com
              ERICA R. JOHNSON    erjtrustee@erjlaw.com, TN49@ecfcbis.com
              JOHN T. MAHER    on behalf of Debtor Edmound  Dai'Re, Jr. john.maher.bk@gmail.com,
               john.maher.ecf@gmail.com;r55400@notify.bestcase.com
              JOHN T. MAHER    on behalf of Joint Debtor Deborah Anne Dai'Re john.maher.bk@gmail.com,
               john.maher.ecf@gmail.com;r55400@notify.bestcase.com
              KYLE DAVID STEWART    on behalf of Creditor   Nationstar Mortgage LLC d/b/a Mr. Cooper
               kstewart@LOGS.com
              US TRUSTEE    ustpregion08.na.ecf@usdoj.gov
                                                                                             TOTAL: 7
```

*Randal S. Mashburn*
U.S. Bankruptcy Judge

Dated: 8/27/2018



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Edmound Dai'Re, Jr. and ) | BK No. 18-03877-RM3-7 |
| Deborah Anne Dai'Re, ) | |
| ) | |
| Debtor(s). ) | |

## AGREED ORDER AVOIDING SECURITY INTERESTS OF CREDIT ACCEPTANCE CORPORATION

Come Erica R. Johnson, Trustee and Credit Acceptance Corporation ("CAC"), by and through counsel, file this Agreed Order and stipulate as follows:

1. Edmound Dai'Re, Jr. ("Debtor") and Deborah Anne Dai'Re ("Joint Debtor") (collectively referred to as the "Debtors") commenced the above-captioned case by filing a voluntary chapter 7 petition on June 9, 2018.

2. Erica R. Johnson is the duly appointed and acting trustee in this chapter 7 case ("Trustee").

3. Certain personal property described as a 2011 Toyota Tacoma; VIN 3TMJU4GN5BM115078 ("Toyota") is titled in the name of the Debtor, and is property of the bankruptcy estate pursuant to 11 U.S.C. §541.

4. Certain personal property described as a 2014 Nissan Maxima; VIN 1N4AA5AP9EC911370 ("Nissan") is titled in the names of the Debtors, and is property of the bankruptcy estate pursuant to 11 U.S.C. §541.

5. The Debtors listed CAC on Schedule D filed on June 9, 2018 as a secured creditor with liens against the Toyota and the Nissan. *See* Page 19 of Docket Entry 1.

6. CAC did not properly perfect its liens against the Toyota and the Nissan.

7. The liens of CAC against the Toyota and the Nissan are avoidable by the Trustee pursuant to 11 U.S.C. § 544 and/or 11 U.S.C. §547.

8. Pursuant to 11 U.S.C. § 550, the Trustee is entitled to an order of this Court directing that the liens of CAC against the Toyota and the Nissan are recovered for the benefit of this estate.

9. CAC has agreed to allow the Trustee to avoid the security interests pursuant to 11 U.S.C. § 544 and/or 11 U.S.C. §547.

10. The Toyota and the Nissan have considerable value, and equity could be realized for the estate if the Toyota and the Nissan are sold free and clear of liens.

WHEREFORE, PREMISES CONSIDERED, and upon agreement of the parties, as indicated by their signatures below, it is ORDERED as follows:

A. The security interest of Credit Acceptance Corporation ("CAC") in certain personal property described as a 2011 Toyota Tacoma; VIN 3TMJU4GN5BM115078 ("Toyota") is hereby avoided pursuant to 11 U.S.C. § 544 and/or 11 U.S.C. §547.

B. The security interest of CAC in certain personal property described as a 2014 Nissan Maxima; VIN 1N4AA5AP9EC911370 ("Nissan") is hereby avoided pursuant to 11 U.S.C. § 544 and/or 11 U.S.C. §547.

C. The Trustee is authorized to recover the Toyota and the Nissan transferred pursuant to 11 U.S.C. § 550.

D. CAC will release its liens against the Toyota and the Nissan and forward the

released titles to the Trustee within thirty (30) days of the entry of this Agreed Order.

E. The Trustee is authorized to sell the Toyota and the Nissan free and clear of all liens of CAC for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551.

F. CAC will be allowed unsecured non-priority claims in the above estate. CAC must file claims to be allowed as unsecured claims. Failure of CAC to file claims may result in surplus funds being distributed to the Debtors.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.**

Submitted for Entry:

*/s/ Erica R. Johnson*
Erica R. Johnson (BPR No. 30939)
ERICA R. JOHNSON,
ATTORNEY AT LAW, PLLC
8161 Highway 100, Suite 184
Nashville, Tennessee 37221
(615) 347-5869 – Telephone
erica@erjlaw.com – Email
*Attorneys for Trustee*


*/s/ Victoria A. Ferraro* (with permission)
Victoria A. Ferraro
PROCHASKA THOMPSON QUINN & FERRARO, PC
401 Church Street, Suite 2600
Nashville, Tennessee 37219
615-242-0060 – Telephone
615-242-0124 – Facsimile
victoriaferraro@pqflegal.com - Email
*Attorneys for Credit Acceptance Corporation*

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.